UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH MORGAN ROGERS, JR.,

Petitioner,

vs.

CASE NO. 8:10-cv-1873-T-27EAJ
CRIM. CASE NO. 8:07-cr-91-T-27EAJ

UNITED STATES OF AMERICA,

Respondent.

_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Motion to Vacate, Set Aside or Correct Sentence

pursuant to 28 U.S.C. § 2255 (CV Dkt. 1), the Government's Response (CV Dkt. 4), and Petitioner's

Reply (CV Dkt. 5). Upon consideration, Petitioner's motion to vacate is DENIED.

### Procedural Background

Petitioner was charged by an indictment with being a felon in possession of a firearm and

ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (CR Dkt. 1). On June 7, 2007,

Petitioner pleaded guilty without a plea agreement. (CR Dkts. 16, 19, 20). On September 24, 2007,

Petitioner was sentenced as an armed career criminal to one hundred eighty-eight (188) months

imprisonment to be followed by five years of supervised release. (CR Dkt. 23). Petitioner did not

appeal.

Petitioner signed his Section 2255 motion on August 17, 2010. (CR Dkt. 24; CV Dkt. 1).

The Respondent does not challenge the timeliness of the motion.

Petitioner presents four grounds for relief:

**Ground One:**    Petitioner's sentence imposes cruel and unusual punishment in violation of the Eighth Amendment because he is no longer an armed career criminal in light of *Johnson v. United States*, ___ U.S. ___, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010);

**Ground Two:**    Petitioner's allegedly illegal sentence resulted in a miscarriage of justice;

**Ground Three:** The district court lacked jurisdiction to sentence Petitioner as an armed career criminal because he does not have three predicate offenses necessary for imposition of that sentence enhancement in light of *Johnson*; and

**Ground Four:**    Actual innocence of the armed career criminal enhancement in light of *Johnson*

## Discussion

## I.    Timeliness

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, establishes a one-year limitation period for Section 2255 motions. *See Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). Specifically, Section 2255 provides that the one-year limitation shall run from the latest of:

(1)    the date on which the judgment of conviction becomes final;

(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). *See also Pruitt v. United States*, 274 F.3d 1315, 1317 (11th Cir. 2001).

2

Petitioner pleaded guilty and judgment was entered on September 25, 2007. (CR Dkt. 23). Petitioner filed no direct appeal. Consequently, under the appellate rules in effect when the judgment was entered, Petitioner's conviction became final on October 10, 2007, when the ten-day period for filing a notice of appeal expired. Fed. R. Crim. P. 45(a)(1), (2); Fed. R. App. P. 4(b)(1)(A)(i) and 26(a) (West 2007). Petitioner had until October 10, 2008, to timely file a Section 2255 motion. Petitioner did not file his Section 2255 motion until August 17, 2010,[1] nearly two years after the expiration of Section 2255's one-year limitation. Consequently, the motion is time-barred.

Notwithstanding, Petitioner argues that his motion is timely because he filed it within one year of the decision in *Johnson v. United States,* ___ U.S. ___, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010). In *Johnson,* the United States Supreme Court held that, under Florida law, a felony battery conviction is not a "violent felony" under the Armed Career Criminal Act ("ACCA").[2] Petitioner contends that, pursuant to *Johnson,* neither his prior conviction for aggravated battery nor his prior conviction for aggravated assault used in determining his status as an armed career criminal would now qualify as a "crime of violence" and, therefore, he is actually innocent of being an armed career criminal.[3]   Apparently relying upon 28 U.S.C.§ 2255(f)(3), Petitioner argues that *Johnson*

---

[1]   For timeliness purposes, the court considers Petitioner's motion filed on August 17, 2010, the day that Petitioner signed his motion. *See Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001) (ruling that a *pro se* prisoner's Section 2255 motion is deemed filed on the date it is delivered to prison authorities for mailing which, absent contrary evidence, is presumed to be the date the prisoner signed the motion).

[2]   A defendant who violates 18 U.S.C. § 922(g) and has previously been convicted of three or more serious drug offenses or violent felonies is subject to a minimum mandatory prison sentence of fifteen years as an armed career criminal. 18 U.S.C. § 924(e). *See also* U.S.S.G. § 4B1.4.

[3]   In addition to his convictions for aggravated battery and aggravated assault Petitioner has a prior conviction for conspiracy to distribute methamphetamine. (PSR ¶¶33, 41, 43). Petitioner does not contest the inclusion of the conspiracy conviction in the application of the armed career criminal enhancement. Besides arguing that the aggravated assault and aggravated battery convictions do not qualify as "crimes of violence" under the ACCA, Petitioner also argues
(continued...)

3

"announced a new substantive rule by modifying the elements of a criminal offense . . . [that] is retroactively applicable to the proceedings here," and, consequently, the March 2, 2010, decision in *Johnson* triggered the start of his federal limitation for timely filing a Section 2255 motion. *See* 28 U.S.C. § 2255(f)(3).

Petitioner, in arguing for the retroactive application of *Johnson*, recognizes the potential untimeliness of his motion to vacate and asks that this court consider his motion as timely filed. The Government in its response inexplicably ignores Petitioner's timeliness argument and presents no analysis whatsoever of either the motion's timeliness or the retroactivity (or lack thereof) of *Johnson*. Rather, the Government simply states that Petitioner "filed this timely Section 2255 motion." (CV Dkt. 4, p. 2). This court considers the timeliness of Petitioner's motion even though the Government did not plead the statute of limitation as an affirmative defense. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) (holding that a district court is permitted to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition, but noting that "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions").[4]  *See also Jackson v.*

---

[3](...continued)

that his other prior convictions for possession of marijuana, grand theft, and felonious possession of a firearm no longer qualify as either a "crime of violence" or a "serious drug offense." Irrespective of whether any of these three convictions were considered in applying the armed career criminal enhancement, Petitioner's convictions for aggravated battery, aggravated assault, and conspiracy to distribute methamphetamine were sufficient predicate offenses for application of the enhancement.

[4] Question 18 on the standard form for a Section 2255 motion to vacate instructs a petitioner to "explain why the one-year statute of limitations as contained in 28 U.S.C.§ 2255 does not bar your motion." (CV Dkt. 1, p. 12). In response to this question Petitioner asserts in his motion:

This motion is file[d] within one year of the Supreme Court decision in *Johnson v. United States*, 130 S.Ct. 1265 (2010), pursuant to § 2255(3) and is timely as *Johnson* was decided on March 2, 2010. The issue involves a due process violation as Petitioner now claims actual innocence of the sentence imposed under the separate offense of being an armed career criminal. The Eleventh Circuit in Gilbert v. United States, 2010 WL 2473560 (11th Cir. 2010) has now determined that a defendant convicted of a non-existent offense is actually innocent
(continued...)

*Sec'y, Dep't of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002) (holding that the district court possessed the discretion to raise *sua sponte* the timeliness of a state prisoner's petition for writ of habeas corpus).[5]

First, for Petitioner to avail himself of the date of the *Johnson* decision to establish the timeless of his motion under Section 2255(f)(3), he must demonstrate that *Johnson* applies retroactively. *Johnson* includes no statement from the Supreme Court that the decision applies retroactively to cases on collateral review. No binding Eleventh Circuit decision requires retroactive application of *Johnson* to Petitioner's Section 2255 motion and he cites no legal authority to support his contention that *Johnson's* date is the appropriate trigger for the federal limitation in determining the timeliness of this Section 2255 motion. Consequently, the timeliness of Petitioner's motion is calculated from October 10, 2007, the date that his conviction became final. As discussed above, the instant motion, filed on August 17, 2010, is untimely and federal review is precluded absent a demonstration of equitable tolling.

Equitable tolling requires both extraordinary circumstances and due diligence. *Diaz v. Sec'y, Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004). To establish eligibility for equitable tolling, a

---

[4](...continued)

and overcomes a procedural bar. Thus, the motion filed pursuant to § 2255 is now timely.

(CV Dkt. 1, p. 12). In addition to this assertion in his motion, Petitioner discusses the timeliness of his motion in his accompanying memorandum of law. Petitioner's answer to question 18 and his statements in his memorandum of law demonstrate that he understood the need to explain why this court should not dismiss his motion as untimely. Accordingly, Petitioner was afforded sufficient notice and opportunity to present his position on the timeliness of his motion. *Day v. McDonough*, 547 U.S. at 209. Likewise, Petitioner's motion and supporting memorandum alerted the Government to the potential untimeliness of the motion yet the Government failed to address the timeliness or cognizability of the motion in light of *Johnson*. Petitioner highlighted this omission in his reply. *See* CV Dkt. 5, p. 2 ("The Government failed to address the fact that the Supreme Court in *Johnson* rendered a substantive rule of statutory interpretation or that such an interpretation dates back to the date of enactment of the statute interpreted.").

[5] "[T]he principles developed in habeas cases also apply to Section 2255 motions. *Gay v. United States*, 816 F.2d 614, 616 n.1 (11th Cir. 1987).

5

petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling "is an extraordinary remedy that must be applied sparingly." *Holland v. Florida*, 539 F.3d 1334, 1338 (11th Cir. 2008). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

A change in the law is not an extraordinary circumstance. *Gonzalez v. Crosby*, 545 U.S. 524 (2005); *Outler v. United States*, 485 F.3d 1273, 1281 (11th Cir. 2007). Consequently, Petitioner cannot avail himself of the benefit of equitable tolling because he fails to demonstrate an extraordinary circumstance that prevented him from timely filing his Section 2255 motion.

## II.    Actual innocence

Petitioner asserts that he is actually innocent of the armed career criminal enhancement. Generally, actual innocence may serve to overcome the procedural bar caused by the untimely filing of a Section 2255 motion. *United States v. Montano*, 398 F.3d 1276, 1280 (11th Cir. 2005). However, "actual innocence" does not apply to an armed career criminal designation because that designation is not a separate substantive offense for which Petitioner stands convicted.[6] *See, e.g., Gilbert v. United States*, 640 F.3d 1293, 1320 (11th Cir. 2011) ("A defendant who is convicted and then has the § 4B1.1 career offender enhancement . . . applied in the calculation of his sentence has

---

[6] Actual innocence applies when a petitioner is factually innocent of the crime for which he is incarcerated. *See Bousley v. United States*, 523 U.S. 614, 623 (1998). Petitioner does not claim that he is innocent of being a felon in possession of a firearm and ammunition, the charge to which he pleaded guilty. He likewise does not argue that he is factually innocent of any of the predicate offenses that he challenges for application of the armed career criminal enhancement.

not been convicted of being guilty of the enhancement.") (*"Gilbert II"*). Accordingly, Petitioner cannot satisfy the actual innocence exception to lift the procedural bar caused by his failure to timely file his motion to vacate.

### Evidentiary hearing

This case warrants no evidentiary hearing because "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2003).

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

Accordingly, it is **ORDERED AND ADJUDGED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is DENIED. The clerk is directed to enter judgment against Petitioner and to close this case.

**DONE AND ORDERED** in chambers this 17 day of AUGUST , 2011.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Petitioner, *pro se*
Counsel of record

8