UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH MORGAN ROGERS, JR.,

    Petitioner,

v.                                                  CASE NO. 8:10-CV-1873-T-27EAJ
                                                       CRIM. CASE NO. 8:07-CR-91-T-27EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

Before the Court is Petitioner's Motion to Alter or Amend Judgement [sic] or in the Alternative, Motion for Reconsideration (CV Dkt. 9), in which he seeks reconsideration of the denial of his § 2255 motion to vacate. The motion is **DENIED**.

### BACKGROUND

Petitioner pleaded guilty to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (CR Dkts. 1, 16, 19, 20). On September 24, 2007, he was sentenced as an armed career criminal to 188 months in prison, followed by 5 years of supervised release (CR Dkt. 23). Petitioner did not appeal. He signed his Section 2255 motion on August 17, 2010 (CR Dkt. 24; CV Dkt. 1). That motion was denied as time-barred (CV Dkt. 6).

Petitioner's motion is filed pursuant to Rule 59(e), Federal Rules of Civil Procedure. "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)). Petitioner does not allege newly-discovered

evidence. Rather, he argues that the Court erred in dismissing his § 2255 motion as time-barred because: 1) the Government waived any challenge to the timeliness of the 2255 motion by failing to plead the statute of limitations as an affirmative defense; 2) it was timely filed within one year of the decision in *Johnson v. United States*, 130 S.Ct. 1265 (2010), which applies retroactively to cases on collateral review; and 3) he is actually innocent of the armed career criminal enhancement, and his actual innocence serves to overcome the procedural bar caused by the untimely filing of his 2255 motion.

## DISCUSSION

As to Petitioner's first contention, the statute of limitations is generally an affirmative defense, which is forfeited if not raised. See Rule 8(c), Fed. R. Civ. P. ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including. . . .statute of limitations. . . ."). However, "a court may consider a statute of limitations or other threshold bar the State failed to raise in answering a habeas petition." *Wood v. Milyard*, 132 S. Ct. 1826, 1830 (2012) (citing *Granberry v. Greer*, 481 U.S. 129, 134 (1987) (exhaustion defense), and *Day v. McDonough*, 547 U.S. 198, 202 (2006) (statute of limitations defense)). A district court, however, is not at liberty to consider the timeliness of a 2255 motion *sua sponte* where the government "is aware of a limitations defense," but deliberately waives it. *Cf. Wood*, 132 S.Ct. at 1830 (citing *Day*, 547 U.S. at 202, 210 n. 11).

Here, there is no indication that the government deliberately waived the statute of limitations defense. Although its Response stated, in pertinent part, that "Rogers filed this timely Section 2255 motion" (CV Dkt. 4 at p. 2), that statement indicates, at most, a mistaken belief

that the motion was timely, rather than a deliberate waiver of the limitation defense.[1] As a result, the government did not waive the defense, but rather forfeited it. *See Wood*, 132 S. Ct. at 1832 n.4 (a forfeited defense is "one that a party has merely failed to preserve"); *Ellis v. Bowersox*, 2013 U.S. Dist. LEXIS 51175, at *27 (E.D. Mo. Mar. 1, 2013) ("A 'forfeited' defense 'is one that a party has merely failed to preserve,' rather than one a party waives by 'knowingly and intelligently relinquish[ing]' it." (quoting *Wood*, 132 S. Ct. at 1832 n.4). And a federal court has the discretion to raise a forfeited defense on its own initiative. *Id.* at 1834. Accordingly, there was no error in considering the statute of limitations bar *sua sponte*.

As to Petitioner's second contention, no Supreme Court or Eleventh Circuit case has recognized a new right under *Johnson* which is retroactively applicable. Contrary to Petitioner's assertion, *Rozier v. United States* did not hold that *Johnson's* holding is retroactive.[2] Rather, in *Rozier*, the Eleventh Circuit assumed, without deciding, that *Johnson* was retroactive. *Id.*, 701 F.3d at 684 ("The government concedes, and we take it as a given, that the Supreme Court's *Johnson* decision is retroactively applicable."). In the absence of Supreme Court or Eleventh Circuit precedent holding that *Johnson* is retroactive, the failure to apply *Johnson* retroactively was not manifest error. *See Oto v. Metropolitan Life Insurance Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (Manifest error of law is "the wholesale disregard, misapplication, or failure to recognize controlling precedent."). Moreover, even if *Johnson* is retroactive, its holding does not benefit

---

[1] In contrast, the respondent in *Wood* indicated that the statute of limitations defense "would be supportable, but we won't make the challenge here." *Wood*, 132 S. Ct. at 1834. *See also United States v. Fisher*, 2013 U.S. Dist. LEXIS 19482, at *5 (N.D. Ind. Feb. 13, 2013) (government deliberately waived statute of limitations defense where it stated "[t]o the extent that this motion may have been brought past the one year deadline for motions under Section 2255, the government is knowingly and intentionally relinquishing any statute of limitations defense under 28 U.S.C. Section 2255.").

[2] *Rozier v. United States*, 701 F.3d 681 (11th Cir. 2012), *cert. denied*, 133 S.Ct. 1740 (2013)

3

Petitioner.

*Johnson* held that, under Florida law, a conviction for battery on a law enforcement officer is not categorically a "violent felony" under the Armed Career Criminal Act ("ACCA"). However, Petitioner was sentenced as an armed career criminal because of his prior convictions for aggravated battery and aggravated assault.[3] *Johnson* does not, therefore, control whether Petitioner was correctly sentenced as an armed career offender. Therefore, Petitioner's one-year statute of limitations period would not have run from the date *Johnson* was decided.

As to Petitioner's third contention, since there is no clear precedent from the Supreme Court or Eleventh Circuit as to whether the actual innocence exception applies in the context of ACCA enhancements,[4] Petitioner cannot show manifest error in the conclusion that the actual innocence exception to the time-bar is inapplicable to his case. Notwithstanding, even of the actual innocence exception applies, Petitioner has not demonstrated actual innocence with respect to his armed career criminal status.

Petitioner contends that his convictions for aggravated assault and aggravated battery do not qualify as violent felonies under the ACCA. Petitioner is incorrect. His aggravated assault conviction "categorically qualifies as a violent felony under the ACCA[.]" *United States v. Johnson*, 515 Fed. Appx. 844, 848 (11th Cir. 2013) (citing *Turner v. Warden Coleman FCI*, 709

---

[3]In addition to his convictions for aggravated battery and aggravated assault, Petitioner has a prior conviction for conspiracy to distribute methamphetamine (PSR ¶¶33, 41, 43). Petitioner did not contest the inclusion of the conspiracy conviction in the application of the armed career criminal enhancement.

[4]Contrary to Petitioner's assertion, *King v. United States*, 419 Fed. Appx. 927 (11th Cir. 2011) does not hold that the actual innocence exception to the procedural default rule applies to a non-capital sentence under the ACCA. Rather, "[i]n light of the Government's concession on appeal that the actual-innocence exception should be available to petitioners raising procedurally defaulted claims challenging non-capital sentences enhanced under the ACCA," the Eleventh Circuit remanded the "case to the district court for a determination of whether King is actually innocent of the ACCA sentence enhancement." *Id.* at 928.

F.3d 1328 (11th Cir. 2013)). And, although the categorical approach does not resolve whether the aggravated battery constitutes a violent felony, *see United States v. Barraza-Ramos*, 550 F.3d 1246, 1247 (10th Cir. 2008) (Florida conviction for "felony aggravated battery is not categorically a crime of violence"), it is clear that the aggravated battery conviction is a violent felony under the modified categorical approach.[5] Petitioner's PSI reveals that his aggravated battery conviction resulted from Petitioner "severely" beating the victim's face, cutting his face and leg, and stabbing him in the chest. PSR¶33.

## CERTIFICATE OF APPEALABILITY

The issuance or denial of a certificate of appealability under Rule 11(a), Rules Governing Section 2255 Proceedings, is applicable to the denial of a Rule 59(e) motion in § 2255 cases. *Cf. Perez v. Sec'y, Fla. Dep't of Corr.*, 711 F.3d 1263 (11th Cir. 2013). *See also United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (certificate of appealability required to appeal denial of Rule 59(e) motion that "sought ultimately to resurrect the denial of his earlier § 2255 motion. . ."). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." It must be shown that reasonable jurists would

---

[5]The modified categorical approach is "applied where some, but not all, of the violations of a particular statute will involve the requisite violence." *United States v. Chitwood*, 676 F.3d 971, 976 (11th Cir. 2012) (citing *United States v. Pantle*, 637 F.3d 1172, 1175 (11th Cir. 2011)). Here, the Court may apply the modified categorical approach to determine whether Petitioner's Florida conviction for aggravated battery qualifies as a violent felony under the ACCA. *See United States v. Diaz-Calderone*, 716 F.3d 1345, 1347 (11th Cir. 2013). The modified categorical approach permits the Court "to determine which statutory phrase was the basis for the conviction by consulting the trial record--including charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms." *Johnson*, 130 S. Ct. at 1273. "[I]f a PSI prepared for the district court includes a description of the facts underlying the state-court offense, and the description is not challenged by the defendant, the facts contained therein may be considered by the district court. . . ." *Pickett v. United States*, 2011 U.S. Dist. LEXIS 36366, at *14-15 (S.D. Fla. Feb. 28, 2011) (citing *United States v. Wade*, 458 F.3d 1273, 1278 (11th Cir. 2006); *United States v. Beckles*, 565 F.3d 832, 843 (11th Cir. 2009); *United States v. Bennett*, 472 F.3d 825, 832-34 (11th Cir. 2006)). Petitioner did not challenge the PSI's description of the facts pertaining to the aggravated battery. Rather, he argued that the description of the facts in the PSI cannot be used in the modified categorical inquiry (see CV Dkt. 5 at p. 3).

find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. See 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).

A certificate of appealability is **GRANTED** on the single issue of whether the government deliberately waived the statute of limitations defense. Reasonable jurists could debate the conclusion that the government forfeited, but did not waive, that defense.

ACCORDINGLY,

1. Petitioner's Motion to Compel a Ruling Based on Ripeness (CV Dkt. 11) is **DENIED as moot**.

2. Petitioner's Motion Seeking Leave of Court to File Supplemental Authority in Proceeding Brought Under 28 USC § 2255(f)(3) (CV Dkt. 10) is **GRANTED** to the extent that Petitioner's supplemental authority and argument has been considered.

3. Petitioner's unsigned Motion to Alter or Amend Judgement or in the Alternative, Motion for Reconsideration (CV Dkt. 8) is **DENIED** because it is unsigned and moot.[6]

4. Petitioner's signed Motion to Alter or Amend Judgement or in the Alternative, Motion for Reconsideration (CV Dkt. 9) is **DENIED**.

5. Petitioner is **GRANTED** a certificate of appealability as described above.

**DONE AND ORDERED** this 12th day of November, 2013.

JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

Copy to: All Parties/Counsel of Record

---

[6] Fed. R. Civ. P. 11(a) ("Every...written motion...must be signed by...a party personally if the party is unrepresented....")

6