UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOSEPH MORGAN ROGERS, JR.,**

    **Petitioner,**

v.                                                 **CASE NO. 8:10-CV-1873-T-27EAJ**
                                                 **CRIM. CASE NO. 8:07-CR-91-T-27EAJ**

**UNITED STATES OF AMERICA,**

    **Respondent.**
_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Petitioner [sic] for Reconsideration of Order Denying Rule 60(b) Motion (CV Dkt. 30) in which Petitioner moves the Court to reconsider its August 13, 2015 Order construing Petitioner's Rule 60(b)(6) motion as an unauthorized successive 2255 motion, and dismissing the motion for lack of jurisdiction (see CV Dkt. 29). Upon consideration, the motion is DENIED.

## BACKGROUND

Petitioner was charged by Indictment with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (CR Dkt. 1). On June 7, 2007, Petitioner pleaded guilty without a plea agreement (CR Dkts. 16, 19, 20). On September 24, 2007, Petitioner was sentenced as an armed career criminal to one hundred eighty-eight (188) months imprisonment to be followed by five years of supervised release (CR Dkt. 23). Petitioner did not appeal. Petitioner signed his Section 2255 motion on August 17, 2010 (CR Dkt. 24; CV Dkt. 1). This Court denied the Section 2255 motion as time-barred (CV Dkt. 6).

The Eleventh Circuit Court of Appeals reversed, finding that the Government made "an intelligent waiver of the statute of limitations defense[,]" and remanded the case to allow this Court to consider the Section 2255 motion on the merits (CV Dkt. 18). After considering the Section 2255 motion, this Court denied the motion on November 4, 2014 (CV Dkt. 21). Petitioner filed a Motion to Alter or Amend Judgment pursuant to Rule 59(e), Fed.R.Civ.P., on November 25, 2014 (CV Dkt. 23), which the Court denied on December 15, 2014 (CV Dkt. 24). On April 10, 2015, the Eleventh Circuit Court of Appeals denied Petitioner's request for a certificate of appealability (CV Dkt. 27).

On July 29, 2015, Petitioner filed his Rule 60(b)(6) motion asserting that he was entitled to relief from his sentence pursuant to the recent opinion in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (CV Dkt. 29). The Court dismissed the 60(b)(6) motion for lack of jurisdiction because the motion constituted an impermissible second or successive Section 2255 motion (CV Dkt. 30).

Petitioner filed the instant Rule 59(e) motion on September 4, 2015 (CV Dkt. 31).

## DISCUSSION

"The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)). Petitioner does not assert that he is entitled to relief based on newly-discovered evidence. Rather, he contends that the Court committed a manifest error of law in dismissing his Rule 60(b) motion as an impermissible second or successive 2255 motion.

The Court did not err in dismissing the Rule 60(b) motion. The 60(b) motion did not point out a defect in the Order denying Petitioner's Section 2255 motion. Rather, the motion challenged Petitioner's sentence based on the recent decision in *Johnson*, which held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA) violates due process.

2

Because the 60(b) motion challenged Petitioner's sentence rather than a defect in the Section 2255 proceedings, the 60(b) motion was the equivalent of a second or successive Section 2255 motion and therefore properly dismissed for lack of jurisdiction. *See United States v. Robinson*, 579 Fed. Appx. 739, 741 (11th Cir. 2014) (unpublished opinion). This is so even though the 60(b) motion was based on a change in substantive law governing Petitioner's claims. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005).[1]

Additionally, even if review under Rule 60(b) was proper, Petitioner's reliance on *Johnson* to argue that his prior conviction for aggravated assault under Fla. Stat. §784.012 is no longer a predicate offense qualifying him as an armed career criminal is misplaced. As noted above, *Johnson* held that the ACCA's residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutional. Petitioner's aggravated assault conviction does not qualify as a predicate offense under the residual clause. Rather, it qualifies as a violent felony under the "elements clause," 18 U.S.C. § 924(e)(2)(B)(i), because it includes as an element of the offense the threatened use of physical force against another. *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1338 (11th Cir. 2013). Therefore, Petitioner's classification as an armed career criminal is not affected by *Johnson*.

ACCORDINGLY, it is **ORDERED** that Petitioner's Petitioner [sic] for Reconsideration of Order Denying Rule 60(b) Motion (CV Dkt. 30) is **DENIED**.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court

---

[1] Even if Petitioner presented a claim permissible for review in a successive petition, to wit, a claim based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable[,]" see 28 U.S.C. § 2255(h)(2), he still must first seek permission from the Eleventh Circuit Court of Appeals to file a second or successive habeas petition in this Court.

must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." This Rule applies to the denial of a Rule 59(e) motion in § 2255 proceedings. *Cf. Perez v. Sec'y, Fla. Dep't of Corr.*, 711 F.3d 1263 (11th Cir. 2013). *See also United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (certificate of appealability required to appeal denial of Rule 59(e) motion that "sought ultimately to resurrect the denial of his earlier § 2255 motion. . .").

Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." To make such a showing, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. See 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Petitioner has not made the required showing. Specifically, he has not shown by citation of contrary authority or otherwise that reasonable jurists would debate the determination that Petitioner's 60(b) motion constituted an impermissible second or successive Section 2255 motion or that he stated a substantial denial of a constitutional right. Accordingly, a certificate of appealability on the denial of Petitioner's Rule 59(e) motion is **DENIED**. And because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida, on September 15th, 2015.

JAMES D. WHITTEMORE
United States District Judge

SA:sfc
Copy to: All Parties/Counsel of Record